Case 4:24-cv-00687   Document 14   Filed on 05/21/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| 2013 HOUSTON SUNNYSIDE STREET, D/B/A LA CASITA APTS., *Plaintiff,* § § § § § § § | CIVIL ACTION NO. 4:24-CV-0687 |
| V. | |
| DAMONAY DUVERNAY, *Defendant.* | |

## MEMORANDUM AND RECOMMENDATION

On February 2, 2024, Defendant Damoney Duvernay, pro se, filed a "Notice of Removal," attempting to remove Case No. 241100011316 from Justice Court of Harris County, Texas. ECF 1. Having reviewed the Notice of Removal, the Court recommends that this case be REMANDED to the County Court at Law from which it was removed.[1]

Defendant's Notice of Removal does not comply with any of the procedural requirements of 28 U.S.C. § 1446. Defendant did not attach a copy of any filings in state court and other documents required by § 1446(a) and Local Rule of the Southern District of Texas 81.[2] However, the public website for Harris County

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

[2] Section 1446(a) requires "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Local Rule of the Southern District of Texas 81 requires the following attachments: (1)

Justice Courts shows that Plaintiff filed an eviction case against Defendant on January 10, 2024.³ Final Default Judgment was entered by the Justice Court on January 31, 2024 and Defendant filed an Appeal on February 5, 2024. *Id.* Therefore, the case was not removable on February 19, 2024 when Defendant filed the Notice of Removal.

More important, it is apparent from the face of the Notice of Removal that this Court does not have federal subject matter jurisdiction over this case. The Court is required to consider jurisdiction sua sponte if not raised by the parties and must remand the case if subject matter jurisdiction is lacking. *Ruano v. Jordan*, No. 4:21-CV-01180, 2023 WL 5186848, at *1 (S.D. Tex. Aug. 10, 2023) (citing 28 U.S.C. § 1446(c)). Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The party invoking removal must establish both federal jurisdiction and compliance with the procedure for proper removal to federal court. *See Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995). Federal question jurisdiction exists "only when a federal question is presented on the face of

---

all executed process; (2) all pleadings and answers; (3) all order signed by the state judge; (4) the state court docket sheet; (5) an index of matters being filed; and (6) a list of counsel of record.
³ *See* https://jpwebsite.harriscountytx.gov/CaseInfo/GetCaseInfo?case=241100011316 (last visited April 10, 2024).

the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining what is known as the "well-pleaded complaint rule."). Generally, under the well-pleaded complaint rule, a plaintiff is the master of its claim and may avoid federal jurisdiction by relying exclusively on state law. *Id.* It has been well-settled law for decades that a case may *not* be removed on the basis of a federal defense. *Id.* at 393; *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 375 n.1 (5th Cir. 2021) (citing *Caterpillar*, 482 U.S. at 393). Defendants cannot cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims. *G&I IX Steeplechase v. Collins*, No. 4:23-CV-3358, 2024 WL 98207, at *3 (S.D. Tex. Jan. 9, 2024) (ordering remand of state court case for forcible entry and detainer under Texas state law). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

For all the reasons above, the Court RECOMMENDS that this case be REMANDED to the Justice Court from which it was purportedly removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 21, 2024, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge